# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| Nationstar Mortgage LLC d/b/a Mr. Cooper | CIVIL ACTION NO: |
| Plaintiff | COMPLAINT |
| vs. | |
| Donna M. Thomas and David W. Thomas | RE:<br>63 Goodwin Road, Eliot, ME 03903 |
| Defendants<br>Internal Revenue Service | Mortgage:<br>August 22, 2007 |
| Party-In-Interest | Book 15243, Page 504 |

NOW COMES the Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Donna M. Thomas and David W. Thomas, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Federal Home Loan Mortgage Corporation, in which the Defendants, Donna M. Thomas and David W. Thomas, are the obligor and the total amount owed under the terms of the Note is Three

Hundred Sixty-Five Thousand Sixty-One and 88/100 ($365,061.88) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Nationstar Mortgage LLC d/b/a Mr. Cooper is a corporation with its principal place of business located at 8950 Cypress Waters Boulevard, Coppell, TX 75019.

5. The Defendant, David W. Thomas, is a resident of Eliot, County of York and State of Maine.

6. The Defendant, Donna M. Thomas, is a resident of Eliot, County of York and State of Maine.

7. The Party-in-Interest, Internal Revenue Service, is located at c/o Halsey B. Frank Office of the U.S. Attorney General, 100 Middle Street, East Tower, 6th Floor, Portland, ME 04101.

## FACTS

8. On August 31, 2001, by virtue of a Warranty Deed from Ronald J. Webster, Richard L. Webster and Roger D. Webster, which is recorded in the York County Registry of Deeds in **Book 10922, Page 173**, the property situated at 63 Goodwin Road, County of York, and State of Maine, was conveyed to the Defendants, Donna M. Thomas and David W. Thomas, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

9. On August 22, 2007, the Defendants, Donna M. Thomas and David W. Thomas, executed and delivered to The Mortgage Specialists, Inc. a certain Note in the amount of $325,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

10. To secure said Note, on August 22, 2007, the Defendants executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as nominee for The Mortgage Specialists, Inc., securing the property located at 63 Goodwin Road, Eliot, ME 03903 which Mortgage Deed is recorded in the York County Registry of Deeds in **Book 15243**, **Page 504**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to Taylor, Bean & Whitaker Mortgage Corp. by virtue of an Assignment of Mortgage dated April 2, 2009 and recorded in the York County Registry of Deeds in **Book 15616**, **Page 674**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to Ocwen Loan Servicing, LLC by virtue of an Assignment of Mortgage dated December 2, 2009 and recorded in the York County Registry of Deeds in **Book 15787**, **Page 570**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then assigned to Ocwen Loan Servicing, LLC by virtue of an Assignment of Mortgage dated August 12, 2010 and recorded in the York County Registry of Deeds in **Book 15953**, **Page 887**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then assigned to Nationstar Mortgage LLC by virtue of an Assignment of Mortgage dated January 29, 2018 and recorded in the York County Registry of Deeds in

**Book 17681**, **Page 800**. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. The Mortgage was further assigned to Nationstar Mortgage LLC d/b/a Mr. Cooper by virtue of a Quitclaim Assignment dated July 12, 2018 and recorded in the York County Registry of Deeds in **Book 17757**, **Page 527**. *See* Exhibit H (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

16. On June 21, 2010, the Defendants, Donna M. Thomas and David W. Thomas, executed a Home Affordable Modification Agreement which increased the principal amount of the Note to $325,000.00 (herein after referred to as the "Loan Modification"). *See* Exhibit I (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

17. On April 4, 2019, the Defendants, Donna M. Thomas and David W. Thomas, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit J (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

18. The Demand Letter informed the Defendants, Donna M. Thomas and David W. Thomas, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit J.

19. The Defendants, Donna M. Thomas and David W. Thomas, failed to cure the default prior to the expiration of the Demand Letter.

20. The Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

21. Federal Home Loan Mortgage Corporation, is the lawful holder and owner of the Note and Mortgage.

22. The Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 were strictly performed.

23. Internal Revenue Service is a Party-in-Interest pursuant to a Tax Lien in the amount of $7,319.06 dated April 6, 2017, and recorded in the York County Registry of Deeds in **Book 17455**, **Page 438** and is in second position behind Plaintiff's Mortgage.

24. Internal Revenue Service is a Party-in-Interest pursuant to a Tax Lien in the amount of $23,491.12 dated April 6, 2017, and recorded in the York County Registry of Deeds in **Book 17455**, **Page 439** and is in third position behind Plaintiff's Mortgage.

25. Internal Revenue Service is a Party-in-Interest pursuant to a Tax Lien in the amount of $4,262.31 dated July 10, 2017, and recorded in the York County Registry of Deeds in **Book 17516**, **Page 394** and is in fourth position behind Plaintiff's Mortgage.

26. The total debt owed under the Note and Mortgage as of April 10, 2019 is Three Hundred Sixty-Five Thousand Sixty-One and 88/100 ($365,061.88) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $314,809.32 |
| Interest | $34,143.98 |
| Late Fees | $977.31 |
| Escrow Advance | $12,709.27 |
| Corporate Advance | $2,422.00 |
| Grand Total | $365,061.88 |

27. Upon information and belief, the Defendants, Donna M. Thomas and David W. Thomas, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

28. The Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper, repeats and re-alleges paragraphs 1 through 27 as if fully set forth herein.

29. This is an action for foreclosure respecting a real estate related Mortgage and title located at 63 Goodwin Road, Eliot, County of York, and State of Maine. *See* Exhibit A.

30. The Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper, is the holder of the Note referenced in Paragraph 11 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper, has the right to foreclosure upon the subject property.

31. Federal Home Loan Mortgage Corporation, is the current owner and investor of the aforesaid Mortgage and Note.

32. The Defendants, Donna M. Thomas and David W. Thomas, are presently in default on said Mortgage and Note, having failed to make the monthly payment due July 1, 2017, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

33. The total debt owed under the Note and Mortgage as of April 10, 2019 is Three Hundred Sixty-Five Thousand Sixty-One and 88/100 ($365,061.88) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $314,809.32 |
| Interest | $34,143.98 |
| Late Fees | $977.31 |
| Escrow Advance | $12,709.27 |
| Corporate Advance | $2,422.00 |
| Grand Total | $365,061.88 |

34. The record established through the York County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

35. By virtue of the Defendants' breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

36. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendants, Donna M. Thomas and David W. Thomas, on April 4, 2019, evidenced by the Certificate of Mailing. *See* Exhibit J.

37. The Defendants, Donna M. Thomas and David W. Thomas, are not in the Military as evidenced by the attached Exhibit K.

## COUNT II – BREACH OF NOTE

38. The Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper, repeats and re-alleges paragraphs 1 through 37 as if fully set forth herein.

39. On August 22, 2007, the Defendants, Donna M. Thomas and David W. Thomas, executed and delivered to The Mortgage Specialists, Inc. a certain Note in the amount of $325,000.00. *See* Exhibit B.

40. The Defendants, Donna M. Thomas and David W. Thomas, are in default for failure to properly tender the July 1, 2017 payment and all subsequent payments. *See* Exhibit J.

41. The Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Donna M. Thomas and David W. Thomas.

42. The Defendants, Donna M. Thomas and David W. Thomas, having failed to comply with the terms of the Note and Mortgage, are in breach of both the Note and the Mortgage.

43. The Defendants Donna M. Thomas and David W. Thomas's breach is knowing, willful, and continuing.

44. The Defendants Donna M. Thomas and David W. Thomas's breach has caused Plaintiff Nationstar Mortgage LLC d/b/a Mr. Cooper to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

45. The total debt owed under the Note and Mortgage as of April 10, 2019, if no payments are made, is Three Hundred Sixty-Five Thousand Sixty-One and 88/100 ($365,061.88) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $314,809.32 |
| Interest | $34,143.98 |
| Late Fees | $977.31 |
| Escrow Advance | $12,709.27 |
| Corporate Advance | $2,422.00 |
| Grand Total | $365,061.88 |

46. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

47. The Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper, repeats and re-alleges paragraphs 1 through 46 as if fully set forth herein.

48. By executing, under seal, and delivering the Note, the Defendants, Donna M. Thomas and David W. Thomas, entered into a written contract with The Mortgage Specialists, Inc. who agreed to loan the amount of $325,000.00 to the Defendants. *See* Exhibit B.

49. As part of this contract and transaction, the Defendants, Donna M. Thomas and David W. Thomas, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

50. The Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper, is the proper holder of the Note and successor-in-interest to The Mortgage Specialists, Inc., and has performed its obligations under the Note and Mortgage.

51. The Defendants, Donna M. Thomas and David W. Thomas, breached the terms of the Note and Mortgage by failing to properly tender the July 1, 2017 payment and all subsequent payments. *See* Exhibit J.

52. The Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Donna M. Thomas and David W. Thomas.

53. The Defendants, Donna M. Thomas and David W. Thomas, having failed to comply with the terms of the Note and Mortgage, are in breach of contract.

54. The Defendants, Donna M. Thomas and David W. Thomas, are indebted to Nationstar Mortgage LLC d/b/a Mr. Cooper in the sum of Three Hundred Sixty-Five Thousand Sixty-One and 88/100 ($365,061.88) Dollars, for money lent by the Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper, to the Defendants.

55. Defendants Donna M. Thomas and David W. Thomas's breach is knowing, willful, and continuing.

56. Defendants Donna M. Thomas and David W. Thomas's breach has caused Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

57. The total debt owed under the Note and Mortgage as of April 10, 2019, if no payments are made, is Three Hundred Sixty-Five Thousand Sixty-One and 88/100 ($365,061.88) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $314,809.32 |
| Interest | $34,143.98 |
| Late Fees | $977.31 |
| Escrow Advance | $12,709.27 |
| Corporate Advance | $2,422.00 |
| Grand Total | $365,061.88 |

58. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

59. The Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper, repeats and re-alleges paragraphs 1 through 58 as if fully set forth herein.

60. The Mortgage Specialists, Inc., predecessor-in-interest to Nationstar Mortgage LLC d/b/a Mr. Cooper, loaned Defendants, Donna M. Thomas and David W. Thomas, $325,000.00. *See* Exhibit B.

61. The Defendants, Donna M. Thomas and David W. Thomas, are in default for failure to properly tender the July 1, 2017 payment and all subsequent payments. *See* Exhibit J.

62. As a result of the Defendants Donna M. Thomas and David W. Thomas's failure to perform under the terms of their obligation, the Defendants, should be required to compensate the Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper.

63. As such, the Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V –UNJUST ENRICHMENT

64. The Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper, repeats and re-alleges paragraphs 1 through 63 as if fully set forth herein.

65. The Mortgage Specialists, Inc., predecessor-in-interest to Nationstar Mortgage LLC d/b/a Mr. Cooper, loaned the Defendants, Donna M. Thomas and David W. Thomas, $325,000.00. *See* Exhibit B.

66. The Defendants, Donna M. Thomas and David W. Thomas, have failed to repay the loan obligation.

67. As a result, the Defendants, Donna M. Thomas and David W. Thomas, have been unjustly enriched to the detriment of the Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper as successor-in-interest to The Mortgage Specialists, Inc. by having received the aforesaid benefits and money and not repaying said benefits and money.

68. As such, the Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper, upon the expiration of the period of redemption;

c) Find that the Defendants, Donna M. Thomas and David W. Thomas, are in breach of the Note by failing to make payment due as of July 1, 2017, and all subsequent payments;

d) Find that the Defendants, Donna M. Thomas and David W. Thomas, are in breach of the Mortgage by failing to make payment due as of July 1, 2017, and all subsequent payments;

e) Find that the Defendants, Donna M. Thomas and David W. Thomas, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendants, Donna M. Thomas and David W. Thomas, are in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due July 1, 2017 and all subsequent payments;

g) Find that the Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendants, Donna M. Thomas and David W. Thomas have been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper, to restitution;

j) Find that the Defendants, Donna M. Thomas and David W. Thomas, are liable to the Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper, for money had and received;

k) Find that the Defendants, Donna M. Thomas and David W. Thomas, are liable to the Plaintiff for quantum meruit;

l) Find that the Defendants, Donna M. Thomas and David W. Thomas, have appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendants, Donna M. Thomas and David W. Thomas, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper, is entitled to restitution for this benefit from the Defendants, Donna M. Thomas and David W. Thomas;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendants, Donna M. Thomas and David W. Thomas, and in favor of the Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper, in the amount of Three Hundred Sixty-Five Thousand Sixty-One and 88/100 ($365,061.88 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Nationstar Mortgage LLC d/b/a Mr. Cooper,
By its attorneys,

Dated: August 8, 2019

/s/ John A. Doonan, Esq.
/s/ Reneau J. Longoria, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com