# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| Nationstar Mortgage LLC d/b/a Mr. Cooper | CIVIL ACTION NO: 2:19-cv-00361-JDL |
| Plaintiff | PLAINTIFF'S FINAL PRETRIAL MEMORANDUM |
| vs. | RE: 63 Goodwin Road, Eliot, ME 03903 |
| Donna M. Thomas and David W. Thomas | Mortgage:<br>August 22, 2007<br>Book 15243, Page 504 |
| Defendants<br>Internal Revenue Service | |
| Party-in-Interest | |

NOW COMES the Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper[1], by and through its undersigned counsel, and hereby provides its Final Pretrial Conference Memorandum, pursuant to Local Rule 16.4.

From the Plaintiff's perspective, this is a straight forward foreclosure and related claims action. The Plaintiff stipulates that the Defendants have no personal liability and that Plaintiff's relief is limited to in rem relief against the subject property.

The evidence at trial will prove that Notice in conformity with 14 M.R.S.A. § 6111 was made upon the Defendants by certified mail, return receipt requested.

The information derived from the Plaintiff's business records is admissible in evidence under Rule 803(6) of the Federal Rules of Evidence (the business records exception to the hearsay rule). Northeast Bank & Trust Co. v. Soley, 481 A.2d 1123 (Me. 1984) and Beneficial Maine Inc., v. Carter, 2011 ME 77 (2011).

The facts proven at trial relating to the execution of the note and mortgage, assignment of

---

[1] The servicing of the Mortgage Loan was transferred from Nationstar Mortgage LLC d/b/a Mr. Cooper to Select Portfolio Servicing, Inc. on behalf of Federal Home Loan Mortgage Corporation on October 1, 2019. An Assignment of Mortgage has been requested and will be recorded upon receipt.

the mortgage to Plaintiff, endorsement and transfer of the Note to Plaintiff in accordance with 11 M.R.S.A. §§ 3-1201 and 3-1203, default in payment of this note and the amount due, entitle the Plaintiff to Judgment as a matter of law under 14 M.R.S.A. § 6322.

Pursuant to 14 M.R.S. § 6322 and precedent established by, but not limited to, <u>Chase v. Higgins</u>, 2009 ME 136 (2009); <u>H.S.B.C. Bank, as Trustee v. Gabay</u>, 2011 ME 101 (2011); <u>Deutsche Bank Nat'l Trust Co. v. Raggiani</u>, 2009 ME 120, ¶¶ 5-8, 985 A.2d 1 (2009); <u>Wells Fargo Bank, N.A. v. deBree</u>, 2012 ME 34 (2012); <u>Beneficial Maine Inc., v. Carter</u>, 2011 ME 77 (2011) and <u>Bank of America v. Cloutier</u>, 2013 ME 17 (Me. 2013), the Plaintiff will meet its burden by proving:

- "the existence of the mortgage, including the book and page number of the mortgage, and an adequate description of the mortgaged premises, including the street address, if any, *see* P.L. 2009, ch. 402, §§ 9, 17 (effective June 15, 2009) (amending 14 M.R.S. §§ 2401(3), 6321 (2008));

- properly presented proof of ownership of the mortgage note and the mortgage, including all assignments and endorsements of the note and the mortgage;

- a breach of condition in the mortgage, <u>Johnson v. McNeil</u>, 2002 ME 99, ¶ 17, 800 A.2d 702, 705; *see* 14 M.R.S. § 6322 (2008);

- the amount due on the mortgage note, including any reasonable attorney fees and court costs, <u>Johnson</u>, 2002 ME 99, ¶ 17, 800 A.2d at 705; *see* 14 M.R.S. § 6111(1-A);

- the order of priority and any amounts that may be due to other parties in interest, including any public utility easements, <u>Johnson</u>, 2002 ME 99, ¶ 17, 800 A.2d at 705; *see* 14 M.R.S. § 6322;

- evidence of properly served notice of default and mortgagor's right to cure in compliance with statutory requirements, in accordance with 14 M.R.S. 6111; *see* 14 M.R.S. § 6111; and

- the Defendants are not in military service in accordance with the Servicemembers Civil Relief Act, *see* 50 U.S.C.S. App. § 521 (LexisNexis Supp. 2009); M.R. Civ. P. 55(b)(4). <u>Chase v. Higgins</u> 2009 ME 136 (2009).

A promissory note, secured by a mortgage, is a negotiable instrument, and therefore it is governed by the provisions of the Uniform Commercial Code, as codified in 11 M.R.S. § 3-1101, *et seq*. A person or entity may be a person or entity "entitled to enforce the instrument even though the person is not the owner of the instrument." 11 M.R.S. § 3-1301(3). A holder of the note, as defined as a person or entity entitled to enforce an instrument pursuant to 11 M.R.S. § 3-1301, has standing to initiate, pursue and prevail in a foreclosure action. *See* <u>Bank of America v. Cloutier</u>, 2013 ME 17 (Me. 2013).

The Note is a self-authenticating document pursuant to Fed. R. Evid. 902(9). Rule 902(9) specifically provides that "no extrinsic evidence of authenticity in order to be admitted [.…...] Commercial paper, a signature on it, and related documents to the extent provided by general commercial law." Fed. R. Evid. 902(9). The term "commercial paper" is defined as "an instrument, other than cash, for the payment of money. Commercial paper – typically existing in the form of a draft (such as a check) or a note (such as a certificate of deposit) – is governed by Article 3 of the [Uniform Commercial Code]". Black's Law Dictionary, 9th ed., 2009 (defining *Paper, commercial paper*). There is no question that Article 3 of the Uniform Commercial Code ("UCC"), as codified in Maine statute, is applicable to the transaction at issue here. See 11 M.R.S. § 3-1101, *et seq*.; <u>Bank of America, N.A. v. Cloutier</u>, 2013 ME 17 (Me. 2013). As a negotiable instrument, governed by Article 3 of the UCC, the Note qualifies as commercial paper.

In addition, the Mortgage and Assignments of Mortgage herein are self-authenticating documents. Fed. R. Evid. 902(4). Fed. R. Evid. 902(4) provides that "they require no extrinsic evidence of authenticity in order to be admitted...a copy of an official record – or a copy of a

document that was recorded or filed in a public office as authorized by law…" Fed. R. Evid. 902(4). As certified copies of public records, the Mortgage and Assignments are self authenticating documents. See also Fed. R. Evid. 1005 (noting that the contents of a public record are proved by a certified copy).

Furthermore, the Mortgage and Assignments of Mortgage are admissible pursuant to Federal Rules of Evidence 803(14) as documents affecting an interest in property. As such, the foundational requirements of Rule 803(6) are not required, and Plaintiff's exhibits are admissible on this ground also.

The servicing of the Mortgage Loan was transferred from Nationstar Mortgage LLC d/b/a Mr. Cooper to Select Portfolio Servicing, Inc. ("SPS") on behalf of Federal Home Loan Mortgage Corporation ("FHLMC") on October 1, 2019. An Assignment of Mortgage has been requested and will be recorded upon receipt. Following the recording of the Assignment, the Plaintiff will file a Motion to Substitute the Plaintiff.

Therefore, Plaintiff is entitled to a Judgment of Foreclosure and Sale of the subject property.

The Plaintiff plans on calling the following witnesses at trial:

**WITNESSES:**

1. Representative of Select Portfolio Servicing, Inc., servicer and holder of the note for the Plaintiff.
2. Donna M. Thomas and David W. Thomas, Defendants.

**EXHIBITS:**

1. Promissory Note in the amount of 325,000.00, executed by Donna M. Thomas and David W. Thomas on August 22, 2007, for the benefit of The Mortgage Specialists, Inc..

2. Mortgage Deed securing the residence located at 63 Goodwin Road, Eliot, ME 03903, executed by Donna M. Thomas and David W. Thomas on August 22, 2007, for the benefit of Mortgage Electronic Registration Systems, Inc. as nominee for The Mortgage Specialists, Inc., recorded in the York County Registry of Deeds in **Book 15243, Page 504**.
3. Assignment of Mortgage to Taylor, Bean & Whitaker Mortgage Corp. by virtue of an Assignment of Mortgage dated April 2, 2009, and recorded in **Book 15616, Page 674**.
4. Assignment of Mortgage to Ocwen Loan Servicing, LLC by virtue of an Assignment of Mortgage dated December 2, 2009, and recorded in **Book 15787, Page 570**.
5. Assignment of Mortgage to Ocwen Loan Servicing, LLC by virtue of an Assignment of Mortgage dated August 12, 2010, and recorded in **Book 15953, Page 887**.
6. Assignment of Mortgage to Nationstar Mortgage LLC by virtue of an Assignment of Mortgage dated January 29, 2018, and recorded in **Book 17681, Page 800**.
7. Assignment of Mortgage from Nationstar Mortgage LLC to Federal Home Loan Mortgage Corporation, Inc. by Assignment to be executed and recorded.
8. Notice of Mortgagor's Right to Cure to Donna M. Thomas and David W. Thomas dated April 4, 2019.
9. Loan History of subject mortgage.
10. Military Status Report pursuant to the Servicemembers Civil Relief Act demonstrating that Defendants are not in the military.

The Plaintiff remains willing to go to a Judicial Settlement Conference if the Defendants will consent to same.

Respectfully Submitted,

Dated:  March 2, 2020                               /s/Reneau J. Longoria, Esq.
                                                                                John A. Doonan, Esq., Bar No. 3250
                                                                                Reneau J. Longoria, Esq., Bar No. 5746
                                                                                Attorneys for Plaintiff
                                                                                Doonan, Graves & Longoria, LLC
                                                                                100 Cummings Center, Suite 225D
                                                                                Beverly, MA 01915
                                                                                (978) 921-2670
                                                                                JAD@dgandl.com
                                                                                RJL@dgandl.com

# CERTIFICATE OF SERVICE

      I, Reneau J. Longoria, Esq., hereby certify that on March 2, 2020, I served a copy of the above document by electronic notification using the CM/ECF system and/or First Class Mail to the following:

/s/Reneau J. Longoria, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com

Donna M. Thomas
63 Goodwin Road
Eliot, ME 03903

David W. Thomas
63 Goodwin Road
Eliot, ME 03903

Internal Revenue Service
c/o Andrew K. Lizotte, Esq., U.S. Attorney`s Office
100 Middle Street, East Tower, 6th Floor
Portland, ME 04101

Internal Revenue Service
c/o Ashley E. Eiler, Office of the US Attorney General
100 Middle Street, East Tower 6th Floor
Portland, ME 04101

Internal Revenue Service
c/o Halsey B. Frank, Office of the US Attorney General
100 Middle Street, East Tower, 6th Floor
Portland, ME 04101

Internal Revenue Service
c/o Thomas E. Delahanty, U.S. Attorney`s Office
100 Middle Street, 6th Floor
Portland, ME 04101