UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust | CIVIL ACTION NO: 2:19-cv-00361-JDL |
| Plaintiff | SUPPLEMENTAL BRIEF |
| vs. | RE:<br>63 Goodwin Road, Eliot, ME 03903 |
| Donna M. Thomas and David W. Thomas | Mortgage:<br>August 22, 2007 |
| Defendants | Book 15243, Page 504<br>York County Registry of Deeds |
| Internal Revenue Service | |
| Party-In-Interest | |

NOW COMES the Plaintiff in this matter, US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust ("Plaintiff"), by and through undersigned counsel, and hereby submits this Supplemental Briefing pursuant to this Court's Order dated August 26, 2022. [ECF 115].

Additionally, on August 23, 2022, the Maine Supreme Judicial Court, sitting as the Law Court requested Amicus Briefing on or before September 27, 2022, in *J.P. Morgan Acquisition Corp. v. Moulton*, which is on Appeal from the South Paris District Court, Law Court No. OXF 21-412. The decision in that matter involves a Notice of Right to Cure and allegations that it was not compliant with 14 M.R.S.A. §6111 and the permissible consequences of judgment.[1] The decision in *Moulton*

---

[1] The Law Court has invited amicus briefs on the following issues:

1. "Should the Court reconsider its existing precedent that a foreclosure judgment in favor of the mortgagor based on the mortgagee's failure to comply with 14 M.R.S. § 6111 renders the note and mortgage unenforceable because a second foreclosure action is barred by principles of res judicata?

may impact the state of the law in this area in Maine and the Plaintiff requests that this matter be stayed pending the argument and decision on the *Moulton* Appeal.[3]

In response to this Court's Order, and in the event the matter is not stayed, the Plaintiff submits that it is entitled to Judgment on the Note, as well as Judgment of Foreclosure and Sale, based on the following:

1. On August 22, 2007, Defendants, Donna M. Thomas and David W. Thomas executed and delivered to The Mortgage Specialists, Inc. a certain Note in the amount of $325,000.00 for the Property located at 63 Goodwin Road, Eliot, ME 03903.

2. The original Note was produced at trial and the Court examined it and found it to be the original and admitted it at trial. [Exhibit 1].

---

    a. If so, upon what grounds, and to what extent, should principles of res judicata continue to apply? Should it make a difference if the second foreclosure action is based on a new default?
    b. If the lender is barred from pursuing a second foreclosure action under principles of res judicata, does this inability render the note and mortgage unenforceable such that the lender may pursue alternative claims including, but not limited to, an unjust enrichment claim against the borrower consistent with Restatement (Third) of Restitution & Unjust Enrichment § 2(2)?
2. Should the court reconsider and repudiate the language in *Fed. Natl Mortg. Assn v. Deschaine,* 2017 ME 190, ¶ 37, 170 A.3d 230, and *Pushard v. Bank of. Am., N.A.*, 2017 ME 230, ¶ 36, 175 A.3d 103, ordering that a failed foreclosure action barring a second foreclosure action on res judicata principles entitles the borrower to a discharge of the mortgage and title to the mortgaged property?"

[2] The issue in *Moulton* is similar to the issue in this case. In *Moulton* the Notice does state the total amount causing the loan to be in default, with an attached itemization of charges. However, one of the line items in the accompanying itemization was a credit. When applied, as was done within the Notice, the itemized total was reduced. The amount outstanding causing the default was, in fact, $20,930.04. The itemization page includes what was admitted to have been a correctly calculated credit of $672.38 and subtracts that credit amount from the gross past due amount, leaving the remainder of $20,257.66 as the amount required as due. All figures and computations were correct. The issue with the Notice is that the figure on the cover page, and the remainder (after the credit was applied) in the referenced (and statutorily required) itemization are different. Before the Law Court is whether the lower court was correct in granting summary judgment against the lender based on this issue within the Notice of Right to Cure, and if so, what is the correct outcome under present case law and whether the Court should reconsider its "all or nothing" approach as dictated by *Fed. Natl Mortg. Assn v. Deschaine,* 2017 ME 190, ¶ 37, 170 A.3d 230, and *Pushard v. Bank of. Am., N.A.*, 2017 ME 230, ¶ 36, 175 A.3d 103.
[3] Counsel for Donna Thomas has been consulted on the Plaintiff's request to stay pending a decision in *Moulton* and does not consent.

3. The Note specifically provides that in addition to Principal, Interest and Late Charges the Note Holder has the right to be "paid back for all of its costs and expenses in enforcing this Note to the extent not prohibited by law. Those expenses include, for example, reasonable attorneys' fees." *See* Exhibit 1, paragraph 6 (A), (C) and (E).

4. The phrase "all costs and expenses in enforcing this note" unambiguously includes all costs incurred, including advances for taxes, insurance, property preservation and legal fees and costs.

5. Taxes must be advanced to preserve the lender's interest in the property from being lost at tax sale and insurance is critical to ensure that in the event of a fire, injury on the property or other insurable event, that the lender's interest in the property securing its note is not lost.

6. But for the default and the borrower's failure to keep the items current, the lender and its servicer would not be required to advance such expenses and they fall squarely within the terms of the Note.

7. Additionally, Paragraph 10 of the Note provides "In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note."

8. Paragraph 10 of the Note also incorporates the terms of the Mortgage by reference, as well asParagraph 9 of the Mortgage, which also outlines the permissible amounts to be recovered.

9. Any interpretation which does noes not incorporate the terms and protections of the Mortgage would result in a loss to the Note Holder caused by the debtor not keeping her promise to make timely payments under the Note and therefore all sums paid by the Note Holder to protect it's interests are, and should be, recoverable including taxes and insurance itemized is escrow advances.

10. To satisfy a claim for breach of Note, Plaintiff must show: 1) breach of a material contract term 2) causation 3) damages. *See Pratt v. Bank of America*, 2013 WL 5724136, at *5.

11. As established at trial through the testimony of Lawrence Nardi as well as the exhibits admitted, Donna M. Thomas and David W. Thomas have not made payments under the Note since July 1, 2017. [Exhibit 12]; TR 30 lines 6-8.

12. As proven through the evidence and testimony admitted at trial, and as reflected in Exhibit 12, the total debt owed under the Note as of March 21, 2022 was Four Hundred Twenty-Two Thousand Two Hundred Twenty-Seven and 27/100 ($422,227.27) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $314,809.32 |
| Interest | $72,484.33 |
| Late Fees | $977.31 |
| Escrow Advances | $34,099.31 |
| Credits | ($143.00) |
| Grand Total | $422,227.27 |

TR 38 lines 3-5; TR 38 lines11-14; TR 38 lines20-25; TR 39 lines 1-3; Exhibit 12 at 1.

13. Although additional sums were advanced on the debtors' behalf for property preservation and attorney fees-- those amounts are not sought in the proposed judgment.

14. The parties agree that principal, interest and late fees are recoverable and there is no rational basis to exclude advances for taxes and insurance because these items were not specifically named in the Note.

15. The Note specifically provides repayment for "all of its costs and expenses in enforcing this Note to the extent not prohibited by law" and advances for taxes and insurance are well within the law as well as paragraphs 6 and 10 of the Note.

WHEREFORE, Defendants have failed to make payments under the terms of the Note, Plaintiff respectfully requests this Court find Plaintiff to be entitled to recover under Count II Breach of Note in the amount of $422,227.27, including principal, interest, late fees and escrow advances. Where, as here this Court's decision on the Foreclosure Count may be impacted by the Law Court's decision in *Moulton*, it is respectfully requested that the Court stay this matter pending a decision in *Moulton*.[4] If not stayed, based on the evidence and documents presented at trial the Plaintiff seeks judgment in the amount of $422,227.27.

Dated: September 9, 2022            /s/ Reneau J. Longoria
                                                                                  Reneau J. Longoria, Esq., Bar No. 5746
                                                                                  Attorneys for Plaintiff
                                                                                  Doonan, Graves, and Longoria LLC
                                                                                  100 Cummings Center, Suite 303C
                                                                                  Beverly, MA 01915
                                                                                  (978) 921-2670
                                                                                  RJL@dgandl.com

---

[4] *See also Fuller v. WVMF Funding LLC,* 1:21-cv-00290-NT [ECF 32] (Stayed pending the decisions in *Finch* (DK AND 21-355) *and* Moulton (DK OXF 21-412).

## CERTIFICATE OF SERVICE

I, Reneau J. Longoria, Esq., hereby certify that on September 9, 2022, I served a copy of the above and attached documents by electronic notification using the CM/ECF system to the following:

/s/   Reneau J. Longoria
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves, and Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com

Thomas A. Cox, Esq.
P.O. Box 1083
Yarmouth, ME 04096

David W. Thomas
63 Goodwin Road
Eliot, ME 03903

Internal Revenue Service
c/o John G. Osborn, Esq.
U.S. Attorney's Office
100 Middle Street
East Tower, 6th Floor
Portland, ME 04101